# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

GEORGE W. WOLFE, II

VERSUS

LINDSEY RENEE BREAUD

NO.   2021 CW 0061

**MARCH 04, 2021**

---

In Re:   Lindsey Renee Breaud, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 115954.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

**WRIT DENIED.** We also note that the district court's December 10, 2020 judgment resulted in an impermissible partial grant of an exception of no cause of action. See **Cole v. Cole**, 2018-0523 (La. App. 1st Cir. 9/21/18), 264 So.3d 537, 542 ("When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action.")

PMc
WIL

Guidry, J., dissents and would grant the writ and reverse the portion of the district court's December 10, 2020 judgment which denied the exception of no cause of action filed by Lindsey Breaud as to Mr. Wolfe's allegation that it is in the minor child's best interest to spend more time with him. These factual allegations set forth in the Amended Rule for Modification of Custody are insufficient to meet the burden for modification of a consent custody decree to establish a material change in circumstances that affects the welfare of the child, and that the proposed modification would be in the best interest of the child. **Richard v. Richard**, 2009-0299 (La. App. 1st Cir. 6/12/09), 20 So.3d 1061, 1066; **Paxton v. Paxton**, 2016-1379 (La. App. 1st Cir. 10/25/17), 2017 WL 4800696 (unpublished). I would grant the exception of no cause of action and dismiss the claims of George Wolfe, III asserted in the Amended Rule for Modification of Custody. I further note that, while the district court impermissibly rendered a partial judgment on the exception of no cause of action, no review was sought of the portion of that judgment which partially granted the exception of no cause of action. Moreover, the grant of this writ application would result in a grant of such exception in its entirety.

COURT OF APPEAL, FIRST CIRCUIT

---
DEPUTY CLERK OF COURT
FOR THE COURT